**Paul K. Friedrich, OSB #171695**
paulf@fdlawpllc.com
Friedrich & Dishaw, PLLC
92 Lenora Street, #119
Seattle, WA 98121
Tel: 206-360-7655
Attorneys for Plaintiff
Lexon Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEXON INSURANCE COMPANY, a foreign corporation** | **Case No. 3:26-cv-00021** |
| Plaintiff, | VERIFIED COMPLAINT |
| v. | (Breach of Contract; Specific Performance; Injunctive Relief) |
| **BEN FACKLER CONSTRUCTION, INC., an Oregon corporation; FACKLER HOLDING COMPANY, an Oregon corporation; FACKLER PROPERTIES, LLC, an Oregon limited liability company; NORTHWEST SECURITY & AUTOMATION, LLC d/b/a INNOVA NW, an Oregon limited liability company; PRO HANDYMAN SERVICES OF MCMINNVILLE, LLC, an Oregon limited liability company; PRO HANDYMAN SERVICES OF SPOKANE, LLC, a foreign limited liability company; S. BENJAMIN FACKLER, an individual; JAMES E. FACKLER, an individual; JENNIFER R. FACKLER, an individual** | |

Page 1 -    VERIFIED COMPLAINT

Defendants.

COMES NOW Plaintiff Lexon Insurance Company ("Lexon") and files this Verified Complaint and asserts the following causes of action against Defendants Ben Fackler Construction, Inc., ("Fackler Construction"); Fackler Holding Company ("Fackler Holding"); Fackler Properties, LLC ("Fackler Properties"); Northwest Security & Automation, LLC, dba Innova NW ("Innova"); Pro Handyman Services of McMinnville, LLC ("PHS–McMinnville"); Pro Handyman Services of Spokane, LLC ("PHS-Spokane"); S. Benjamin Fackler; James E. Fackler; and Jennifer R. Fackler:

## I.  PARTIES

1.     Plaintiff Lexon is a corporation organized under the laws of the State of Texas with its principal place of business in Mount Juliet, Tennessee. Lexon is authorized to transact business in the State of Oregon, has paid all required license fees and taxes, and is otherwise qualified to maintain this action. For purposes of diversity jurisdiction, Lexon is a citizen of Texas and Tennessee.

2.     Defendant Fackler Construction is an Oregon corporation with its principal place of business at 1394 NE Alpha Drive, McMinnville, Oregon 97128. For purposes of diversity jurisdiction, Fackler Construction is a citizen of the State of Oregon. Fackler Construction may be served through its registered agent, J. Terrence Bittner, at 4949 SW Meadows Road, Suite 260, Lake Oswego, Oregon 97035.

3.     Defendant Fackler Holding is an Oregon corporation with its principal place of business at 1394 NE Alpha Drive, McMinnville, Oregon 97128. For purposes of diversity

Page 2 -    VERIFIED COMPLAINT

jurisdiction, Fackler Holding is a citizen of the State of Oregon. Fackler Holding may be served through its registered agent, J. Terrence Bittner, at 4949 SW Meadows Road, Suite 260, Lake Oswego, Oregon 97035.

4.  Defendant Fackler Properties is an Oregon limited liability company with its principal place of business at 1394 NE Alpha Drive, McMinnville, Oregon 97128. Based on information and belief, Fackler Properties has a single member: James Fackler. James Fackler is a citizen of the State of Oregon located at 1396 NE Alpha Drive, McMinnville, Oregon 97128. For purposes of diversity jurisdiction, Fackler Properties is a citizen of the State of Oregon. Fackler Properties may be served through its registered agent, Ben Fackler, at 1394 NE Alpha Drive, McMinnville, Oregon 97128.

5.  Defendant Innova is an assumed business name registered in Oregon. Based on information and belief, Northwest Security & Automation, LLC ("Northwest Security") is the legal entity doing business under the assumed name Innova. Northwest Security is an Oregon limited liability company with its principal place of business at 1396 NE Alpha Drive, McMinnville, Oregon 97128. Upon information and belief, Northwest Security has a single member, James Fackler, who is a citizen of the State of Oregon and resides at 1396 NE Alpha Drive, McMinnville, Oregon 97128. Northwest Security may be served through its registered agent, James Fackler, at 1396 NE Alpha Drive, McMinnville, Oregon 97128.

6.  Defendant PHS–McMinnville is an Oregon limited liability company with its principal place of business at 1394 NE Alpha Drive, McMinnville, Oregon 97128. Upon information and belief, PHS–McMinnville has a single member, Fackler Holding, an Oregon corporation with its principal place of business at 1394 NE Alpha Drive, McMinnville, Oregon 97128. For purposes of diversity jurisdiction, Fackler Holding is a citizen of the State of Oregon;

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

therefore, PHS–McMinnville is also a citizen of the State of Oregon. PHS–McMinnville may be served through its registered agent, J. Terrence Bittner, at 4949 SW Meadows Road, Suite 260, Lake Oswego, Oregon 97035.

7.      Defendant PHS–Spokane is a Washington limited liability company with its principal place of business at 3935 E. Boone Avenue, Suite 4, Spokane, Washington 99202. Upon information and belief, PHS–Spokane has a single member, Fackler Holding, an Oregon corporation with its principal place of business at 1394 NE Alpha Drive, McMinnville, Oregon 97128. For purposes of diversity jurisdiction, Fackler Holding is a citizen of the State of Oregon; therefore, PHS–Spokane is also a citizen of the State of Oregon. Upon information and belief, PHS–Spokane has been voluntarily dissolved.

8.      Defendant S. Benjamin Fackler is an individual believed to reside in Yamhill County, Oregon. Upon information and belief, he is a citizen of the State of Oregon for purposes of diversity jurisdiction. He may be served with process at 1043 SW Sitka Court, McMinnville, Oregon 97128, or wherever he may be found.

9.      Defendant James E. Fackler is an individual believed to reside in Yamhill County, Oregon. Upon information and belief, he is a citizen of the State of Oregon for purposes of diversity jurisdiction. He may be served with process at either (1) 834 NE Hembree Street, McMinnville, Oregon 97128, or (2) 1474 NW Riesling Way, McMinnville, Oregon 97128, or wherever he may be found.

10.     Defendant Jennifer R. Fackler is an individual believed to reside in Yamhill County, Oregon. Upon information and belief, she is a citizen of the State of Oregon for purposes of diversity jurisdiction. She may be served with process at 1043 SW Sitka Court, McMinnville, Oregon 97128, or wherever she may be found.

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

## II. VENUE AND JURISDICTION

11.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00 and the suit is between citizens of different states.

12.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the Defendants reside in this judicial district for venue purposes.

13.    This Court possesses the power to grant the injunctive relief requested herein under Rule 65 of the FEDERAL RULES OF CIVIL PROCEDURE.

## III. FACTS

### A.    The Indemnity Agreements

14.    Lexon is in the business of providing contractor bonds for construction contracts, including payment, performance, and retainage bonds pursuant to ORS § 279C.380 *et seq.*

15.    Lexon issued Performance Bond No. LICX1194666 (the "Bond") on behalf of Fackler Construction, as principal, and the SW Polk County Rural Fire Protection District ("Fire District"), as obligee, in the penal sum of $3,493,243.00.

16.    To induce Lexon to issue the Bond in the name of Fackler Construction, on or about April 26, 2016, Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, as indemnitors, executed a General Agreement of Indemnity ("2016 Indemnity Agreement") in favor of Lexon.[1]

---

[1] The 2016 Indemnity Agreement is attached hereto as **Exhibit A** and incorporated herein by reference as if fully set forth herein.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

17.    On or about March 8, 2018, S. Benjamin Fackler, Jennifer R. Fackler, PHS-McMinnville, and PHS-Spokane, as indemnitors, executed a General Agreement of Indemnity ("2018 Indemnity Agreement") in favor of Lexon.[2]

18.    On or about March 18, 2020, S. Benjamin Fackler, Jennifer R. Fackler, Fackler Holding, Innova, and James Fackler, as indemnitors, executed a General Agreement of Indemnity ("2020 Indemnity Agreement") in favor of Lexon.[3]

19.    On or about October 14, 2021, Fackler Properties executed a General Agreement of Indemnity Amendment, which added Fackler Properties as an indemnitor to the 2020 Indemnity Agreement.[4]

1.    The 2016 Indemnity Agreement

20.    Pursuant to the 2016 Indemnity Agreement, Paragraph 2 "Indemnification", Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and severally, contractually agreed to:

> [I]ndemnify, exonerate and save the Surety harmless from and against any and all liability, loss and expense of whatsoever kind and nature, including, but not limited to, every claim, demand, liability, court costs, damages, attorneys' fees… and interest which the Surety may pay or incur by reason of having executed, or procured the execution of, any Bond or Bonds for any entity as requested by the Indemnitors… and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement.[5]

---

[2] The 2018 Indemnity Agreement is attached hereto as **Exhibit B** and incorporated herein by reference as if fully set forth herein.

[3] The 2020 Indemnity Agreement is attached hereto as **Exhibit C** and incorporated herein by reference as if fully set forth herein.

[4] The 2021 General Agreement of Indemnity Amendment is attached hereto as **Exhibit D** and incorporated herein by reference as if fully set forth herein.

[5] Exhibit A, ¶ 2.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

21.     Pursuant to the 2016 Indemnity Agreement, Paragraph 2 "Indemnification",

Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and

severally, contractually agreed that:

> Amounts due to the Surety shall be payable upon demand, whether or not the
> Surety shall have made any payment therefor or established a reserve. In
> accounting by the Surety for payments, the Indemnitors agree that the Surety shall
> be able to charge for any and all disbursements made by it in good faith under the
> belief that it is or was necessary or expedient to make such disbursements, whether
> or not such liability, expediency or necessity existed. In the event of payment by
> the Surety, the Indemnitors agree to accept the voucher(s) or any other evidence
> of such payment as prima facie evidence of the propriety thereof, and of the
> Indemnitor's liability to the Surety under this Agreement.[6]

22.     Pursuant to the 2016 Indemnity Agreement, Paragraph 16 "Right to Information",

Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and

severally, contractually agreed that:

> At any time, and until such time as the liability of the Surety under any and all
> Bonds is terminated, the Surety shall have unrestricted access to any and all books,
> records, trust funds, accounts, documents, or other information pertaining to the
> financial affairs or operations of the Indemnitors[.][7]

23.     Pursuant to the 2016 Indemnity Agreement, Paragraph 3 "Collateral", Defendants

Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and severally,

contractually agreed to:

> Deposit with the Surety, as collateral security, immediately upon demand, a sum
> of money, at the option of the Surety, equal to (i) the liability of the Surety, if
> established, (ii) the liability asserted against the Surety, (iii) the reserve
> established by the Surety, or any increase thereof, or (iv) for any other reason
> whatsoever to cover any and all liability, loss, expense or possible liability for any
> loss or expense for which the Indemnitors may be obligated to indemnify the
> Surety under the terms of this Agreement.[8]

---

[6] *Id.*
[7] *Id.*, ¶ 16.
[8] *Id.*, ¶ 3.

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

24.      Further, pursuant to the 2016 Indemnity Agreement, Paragraph 3 "Collateral",
Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and
severally, contractually acknowledged that:

> [T]he failure to deposit the sums demanded as collateral security shall cause
> irreparable harm to the Surety for which the Surety has no adequate remedy at
> law. The Indemnitors agree that the Surety shall be entitled to injunctive relief for
> specific performance of the obligation of the Indemnitors to deposit with the
> Surety the sum demanded and hereby waive any claims or defenses to the
> contrary.[9]

25.      Pursuant to the 2016 Indemnity Agreement, Paragraph 4 "Assignment",
Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and
severally, contractually agreed to assign, transfer, and convey collateral to Lexon to secure their
obligations under the 2016 Indemnity Agreement and the Bond.[10]

26.      Pursuant to the 2016 Indemnity Agreement, Paragraph 5 "Trust Funds",
Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and
severally, contractually agreed that:

> [A]ll funds due or to become due under any contract, whether or not in the
> possession of any of the Indemnitors, or another, shall be held in trust as trust
> funds by the Indemnitors, for the benefit and payment of all persons to whom the
> Indemnitors incur obligations in the performance of such contract covered by the
> Bond(s) and/or for the benefit of, payment to, or reimbursement of the Surety for
> any liability, loss, or expense the Surety may incur under the Bond(s) or in
> enforcing this Agreement.[11]

---

[9] *Id.*
[10] *Id.*, ¶ 4.
[11] *Id.*, ¶ 5.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

27.    Under the 2016 Indemnity Agreement, the joint and several duties and obligations of the Defendants Fackler Construction, S. Benjamin Fackler, and Jennifer R. Fackler extend to any bond issued on behalf of or at the request of any of the Indemnitors.[12]

B.    The 2018 Indemnity Agreement

28.    Pursuant to the 2018 Indemnity Agreement, Paragraph 2 "Indemnification", Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and severally, contractually agreed to:

> [I]ndemnify, exonerate and save the Surety harmless from and against any and all liability, loss and expense of whatsoever kind and nature, including, but not limited to, every claim, demand, liability, court costs, damages, attorneys' fees… and interest which the Surety may pay or incur by reason of having executed, or procured the execution of, any Bond or Bonds for any entity as requested by the Indemnitors… and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement.[13]

29.    Pursuant to the 2018 Indemnity Agreement, Paragraph 2 "Indemnification", Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and severally, contractually agreed that:

> Amounts due to the Surety shall be payable upon demand, whether or not the Surety shall have made any payment therefor or established a reserve. In accounting by the Surety for payments, the Indemnitors agree that the Surety shall be able to charge for any and all disbursements made by it in good faith under the belief that it is or was necessary or expedient to make such disbursements, whether or not such liability, expediency or necessity existed. In the event of payment by the Surety, the Indemnitors agree to accept the voucher(s) or any other evidence of such payment as prima facie evidence of the propriety thereof, and of the Indemnitor's liability to the Surety under this Agreement.[14]

---

[12] *Id*., ¶ 13.
[13] Exhibit B, ¶ 2.
[14] *Id*.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

30.     Pursuant to the 2018 Indemnity Agreement, Paragraph 16 "Right to Information",

Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and

Jennifer R. Fackler, jointly and severally, contractually agreed that:

> At any time, and until such time as the liability of the Surety under any and all Bonds is terminated, the Surety shall have unrestricted access to any and all books, records, trust funds, accounts, documents, or other information pertaining to the financial affairs or operations of the Indemnitors[.][15]

31.     Pursuant to the 2018 Indemnity Agreement, Paragraph 3 "Collateral", Defendants

Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and Jennifer R.

Fackler, jointly and severally, contractually agreed to:

> Deposit with the Surety, as collateral security, immediately upon demand, a sum of money, at the option of the Surety, equal to (i) the liability of the Surety, if established, (ii) the liability asserted against the Surety, (iii) the reserve established by the Surety, or any increase thereof, or (iv) for any other reason whatsoever to cover any and all liability, loss, expense or possible liability for any loss or expense for which the Indemnitors may be obligated to indemnify the Surety under the terms of this Agreement.[16]

32.     Further, pursuant to the 2018 Indemnity Agreement, Paragraph 3 "Collateral",

Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and

Jennifer R. Fackler, jointly and severally, contractually acknowledged that:

> [T]he failure to deposit the sums demanded as collateral security shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. The Indemnitors agree that the Surety shall be entitled to injunctive relief for specific performance of the obligation of the Indemnitors to deposit with the Surety the sum demanded and hereby waive any claims or defenses to the contrary.[17]

---

[15] *Id.*, ¶ 16.
[16] *Id.*, ¶ 3.
[17] *Id.*

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

33.     Pursuant to the 2018 Indemnity Agreement, Paragraph 4 "Assignment", Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and severally, contractually agreed to assign, transfer, and convey collateral to Lexon to secure their obligations under the 2018 Indemnity Agreement and the Bond.[18]

34.     Pursuant to the 2018 Indemnity Agreement, Paragraph 5 "Trust Funds", Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and Jennifer R. Fackler, jointly and severally, contractually agreed that:

> [A]ll funds due or to become due under any contract, whether or not in the possession of any of the Indemnitors, or another, shall be held in trust as trust funds by the Indemnitors, for the benefit and payment of all persons to whom the Indemnitors incur obligations in the performance of such contract covered by the Bond(s) and/or for the benefit of, payment to, or reimbursement of the Surety for any liability, loss, or expense the Surety may incur under the Bond(s) or in enforcing this Agreement.[19]

35.     Under the 2018 Indemnity Agreement, the joint and several duties and obligations of Defendants Fackler Construction, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, and Jennifer R. Fackler extend to any bond issued on behalf of or at the request of any of the Indemnitors.[20]

C.     The 2020 Indemnity Agreement

36.     The 2020 Indemnity Agreement defines "Indemnitor" as "[e]very individual and entity executing this Agreement, and their present and future subsidiaries, affiliates, successors,

---

[18] *Id.*, ¶ 4.
[19] *Id.*, ¶ 5.
[20] *Id.*, ¶ 13.

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

executors, trustees, personal representatives and assigns, and any co-principals, partners or joint ventures of any Indemnitor or other form of common enterprise of any Indemnitor."[21]

37.    Pursuant to the 2020 Indemnity Agreement, Paragraph 3 "Indemnification", Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties, jointly and severally, contractually agreed to:

> [P]romptly indemnify, exonerate, reimburse and hold the Surety harmless from and against any and all liability, loss, cost and expense of whatsoever kind or nature and pay the Surety for any Loss sustained or incurred (i) in connection with or arising out of the execution by the Surety of any Bond, (ii) by reason of the failure of the Indemnitor to perform or comply with the covenants and conditions of this Agreement or Other Agreements, and (iii) enforcing any of the covenants and conditions of this Agreement. The Surety shall be entitled to be indemnified and reimbursed for all disbursements made by it in good faith under the belief that it is or was liable for such disbursements, whether or not such liability, expediency or necessity existed.[22]

38.    The 2020 Indemnity Agreement contains a prima facie evidence clause pursuant to which:

> An itemized statement of Loss by the Surety, sworn to by an officer of the Surety, shall be prima facie evidence of the fact and amount of the liability of the Indemnitor to the Surety.[23]

39.    Under the 2020 Indemnity Agreement, "Loss" is defined as follows:

> Loss: Any and all payments, damages, costs and expenses of any kind, including fees for attorneys, accountants, consultants, engineers, experts, investigators or other professionals, sustained or incurred by the Surety, whether inside as salaries or outside as retainers, in connection with or as a result of furnishing any Bond, handling any Claim or in enforcing any terms or rights under this Agreement or any Other Agreement with the Surety, together with interest thereon.[24]

---

[21] Exhibit C, ¶ 1.
[22] *Id.*, ¶ 3.
[23] *Id.*
[24] *Id.*, ¶ 1.

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

40.     Pursuant to the 2020 Indemnity Agreement, Paragraph 16 "Right to Information", Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties, jointly and severally, contractually agreed that:

> Until the Surety's exposure to liability under every Bond or Bonded Contract has terminated and satisfactory proof is furnished to the Surety of the Surety's discharge or release from liability, the Surety shall have unrestricted access to any and all books, records, trust funds, accounts, documents, or other information pertaining to the financial affairs or operations of the Indemnitor[.][25]

41.     Pursuant to the 2020 Indemnity Agreement, Paragraph 5 "Collateral Security", Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties, jointly and severally, contractually agreed that:

> [U]pon demand from the Surety, the Indemnitor shall deposit Collateral with the Surety in the form and amount as the Surety in its sole discretion deems necessary or appropriate to protect the Surety with respect to any Claim or potential Claim or Loss in connection with any Bond.[26]

42.     Further, pursuant to the 2020 Indemnity Agreement, Paragraph 5 "Collateral Security", Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties, jointly and severally, contractually agreed that:

> [T]he failure to deposit any Collateral demanded by the Surety shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law, so that the Surety shall be entitled to injunctive relief for specific performance of this obligation of each Indemnitor.[27]

---

[25] *Id.*, ¶ 16.
[26] *Id.*, ¶ 5.
[27] *Id.*

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

43.     Pursuant to the 2020 Indemnity Agreement, Paragraph 9 "Assignment and Security Interest", Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties, jointly and severally, contractually agreed to assign, transfer, and convey collateral to Lexon to secure their obligations under the 2020 Indemnity Agreement and the Bond.[28]

44.     Pursuant to the 2020 Indemnity Agreement, Paragraph 10 "Trust Funds", Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties, jointly and severally, contractually agreed that:

> [A]ll monies due or to become due under any Bonded Contract and or on which the Surety has issued a Bond. whether or not the funds are in the possession of an Indemnitor, shall be held as trust funds by the Indemnitor for the benefit and payment of (a) all persons to whom the Indemnitor incurs obligations in the performance of such Bonded Contract, and (b) the Surety for any loss incurred or for reimbursement for costs and expenses in enforcing this Agreement.[29]

45.     Under the 2020 Indemnity Agreement, the joint and several duties and obligations of Defendants Fackler Construction, Fackler Holding Company, Innova, S. Benjamin Fackler, Jennifer R. Fackler, James E. Fackler, and Fackler Properties extend to any bond issued on behalf of or at the request of any of the Indemnitors.[30]

46.     The 2016 Indemnity Agreement, 2018 Indemnity Agreement, and 2020 Indemnity Agreement are collectively referred to as the "Indemnity Agreements."

---

[28] *Id.*, ¶ 9.
[29] *Id.*, ¶ 10.
[30] *Id.*, ¶ 18.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

47.     Fackler Construction, Fackler Holding, Innova, Fackler Properties, PHS-McMinnville, PHS-Spokane, S. Benjamin Fackler, Jennifer R. Fackler, and James E. Fackler are collectively referred to as the "Indemnitors."

**B. The Bond**

48.     In consideration of the promises set forth in the Indemnity Agreements, Lexon issued the Bond on or about March 27, 2020, on behalf of Fackler Construction, as principal, and the Fire District, as obligee, in the penal sum of $3,493,243.00.

**C. Lexon's Incurred Losses and Anticipated Loss**

49.     As a result of Fackler Construction's actions and/or inactions, the Fire District has made a claim against the Bond ("Demand").

50.     On or about September 25, 2024, the Fire District filed a lawsuit against Fackler Construction and Lexon under Polk County Circuit Court, Oregon, Case, No. 24CV46386 ("Lawsuit"), alleging that Fackler Construction had failed to fulfill its contractual obligations to the Fire District on the bonded contract and that the Fire District had suffered damages of not less than $2,600,000.00, plus attorney's fees, costs, and interest as a result of Fackler Construction's defective work.

51.     As a result of the above-referenced Demand and Lawsuit (collectively "Claim") against the Bond and the Indemnitors' failure to honor their obligations under the Indemnity Agreements, Lexon has retained outside legal counsel to investigate the Claim, provide legal advice, defend Lexon in the Lawsuit, and assist Lexon in resolving its bonded obligations. As such, Lexon has incurred attorney fees and costs in connection with the Claim asserted against the Bond and in protecting its rights under the Indemnity Agreements. Lexon will continue to

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

incur attorney fees and costs as a result of the Claim filed against the Bond and in enforcing its rights under the Indemnity Agreements.

52.     Further, Lexon has incurred and will continue to incur attorney fees and expenses in order to investigate and/or analyze the Claim against the Bond.

53.     By virtue of the Claim, the Indemnitors' obligations under the Indemnity Agreements—including the posting of collateral—have been triggered.

54.     By correspondence dated May 30, 2025, and July 24, 2025, Lexon has demanded that the Indemnitors jointly or severally (i) indemnify Lexon (ii) discharge Lexon from all potential liability arising from the Bond, (iii) deposit cash or other collateral satisfactory to Lexon in an amount that equaled to the anticipated Loss, and (iv) provide access to the Indemnitors' books and records.[31]

55.     Despite Lexon's demands, the Indemnitors have failed to indemnify Lexon, discharge Lexon from all liability, deposit any collateral with Lexon, and permit Lexon access to the Indemnitors' books and records.

56.     As a result of the above-referenced Claim, Lexon is exposed to Loss of not less than $2,600,000.00, plus applicable attorney's fees, costs, and interest.

57.     Lexon reserves the right to amend this Complaint as the magnitude of its exposure to Loss, if any, develops.

58.     As a result of the Claim and based on Lexon's investigation to date, Lexon has determined that collateral security in the amount of not less than $2,600,000.00 is necessary in

---

[31] Lexon's May 30, 2025, and July 24, 2025, correspondence are attached hereto as **Exhibits E** and **F**, respectively. The May 30, 2025, correspondence is submitted without its original enclosures, as those documents are already included as **Exhibits A–D** to the Complaint.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

order to protect Lexon from actual or anticipated Loss resulting from the Claim and the Indemnitors' failure to comply with the Indemnity Agreements.

59.    As of the date of this filing, the Indemnitors have failed to indemnify and hold Lexon harmless.

60.    The Indemnitors are jointly and severally liable under the Indemnity Agreements and, therefore, the Indemnitors have failed to meet their contractual obligations under the Indemnity Agreements. As a result, Lexon has been damaged and deprived of, among other things, the indemnification and collateral security for which it bargained. Further, Lexon has suffered and is exposed to significant Loss and anticipated Loss (including, but not limited to, court costs, attorney fees and expenses) as a result of the Indemnitors' material breaches of the Indemnity Agreements and it will continue to incur Loss resulting from Indemnitors' continuing material breaches. Because the Indemnitors refuse to exonerate, indemnify, hold harmless, and discharge Lexon; post collateral security to Lexon; and permit Lexon access to the Indemnitors' books and records, Lexon will face imminent harm, irreparable injury, and will have no adequate remedy at law with respect to reimbursement for any losses under the Bond.

61.    All conditions precedent to recovery by Lexon from the Indemnitors have occurred or have been performed.

## IV. CAUSES OF ACTION AGAINST DEFENDANTS

### FIRST CLAIM FOR RELIEF

(Breach of Contract)

62.    Lexon repeats and incorporates all prior allegations.

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

63.     Pursuant to the Indemnity Agreements, the Indemnitors are contractually obligated to pay, upon demand, an amount sufficient to discharge any claim made against Lexon or any bond.

64.     Pursuant to the Indemnity Agreements, the Indemnitors are contractually obligated to indemnify and hold Lexon harmless from any Loss.

65.     Pursuant to the Indemnity Agreements, the Indemnitors are contractually obligated to deposit collateral with Lexon, acceptable to Lexon, sufficient to cover all exposure under the Bond or make provisions acceptable to Lexon for the funding of the bonded obligation(s).

66.     Pursuant to the Indemnity Agreements, the Indemnitors are contractually obligated to, upon demand, post collateral to protect Lexon from any and all Loss.

67.     Pursuant to the Indemnity Agreements, the Indemnitors are contractually obligated to permit Lexon unrestricted access to their books and records.

68.     Lexon has demanded that the Indemnitors indemnify Lexon from any and all Loss pursuant to the Indemnity Agreements.

69.     Lexon has demanded that the Indemnitors post collateral pursuant to the Indemnity Agreements.

70.     Lexon has demanded that the Indemnitors permit Lexon unrestricted access to their books and records.

71.     Despite demand, the Indemnitors have failed to comply with their joint and several obligations under the Indemnity Agreements and have therefore breached the Indemnity Agreements by failing to immediately indemnify Lexon for any and all Loss and anticipated Loss

Page 18 -   VERIFIED COMPLAINT

incurred by Lexon and for which the Indemnitors are obligated to indemnify Lexon pursuant to the Indemnity Agreements.

72.     Despite demand, the Indemnitors have breached the Indemnity Agreements by failing and refusing to deposit collateral security with Lexon pursuant to the Indemnity Agreements.

73.     Despite demand, the Indemnitors have breached the Indemnity Agreements by failing to permit Lexon unrestricted access to their books and records.

74.     The Indemnitors' breaches of the Indemnity Agreements have damaged Lexon and caused Lexon to suffer damages in an amount not less than $2,600,000.00, plus applicable attorney's fees, costs, and interest, and which will be established pursuant to the provisions of the Indemnity Agreements. As a result of the Indemnitors' breaches, Lexon expects to suffer ongoing Loss to enforce the Indemnitors' obligations under the Indemnity Agreements.

## SECOND CLAIM FOR RELIEF

(Specific Performance – Collateral Security)

75.     Lexon repeats and incorporates all prior allegations.

76.     According to the explicit and unambiguous terms of the Indemnity Agreements, Lexon is entitled with the unconditional right to have the Indemnitors post collateral in an amount determined by Lexon in order to exonerate or indemnify Lexon from Loss.

77.     Lexon has demanded that the Indemnitors post collateral as required by the Indemnity Agreements.

78.     According to the explicit and unambiguous terms of the Indemnity Agreements, Lexon is entitled to unrestricted access to the Indemnitors' books and records.

Page 19 -  VERIFIED COMPLAINT

79.     Lexon has demanded that the Indemnitors permit Lexon unrestricted access to their books and records as required by the Indemnity Agreements.

80.     To date, the Indemnitors have failed to comply with their joint and several obligations to collateralize Lexon and permit Lexon unrestricted access to the Indemnitors' books and records as required by the Indemnity Agreements. Thus, the Indemnitors have failed and refused to meet their obligations under the Indemnity Agreements.

81.     Unless the assets of the Indemnitors are collateralized and Lexon is permitted unrestricted access to the Indemnitors' books and records, Lexon will not be adequately protected from Loss.

82.     Lexon is without a plain, speedy, or adequate remedy at law, and will be irreparably and permanently harmed unless this Court grants the specific performance as indicated herein.

### THIRD CLAIM FOR RELIEF

### (INJUNCTIVE AND PREJUDGMENT REMEDIES)

83.     Lexon repeats and incorporates all prior allegations.

84.     The explicit and unambiguous language of the Indemnity Agreements afforded Lexon with unconditional rights and imposed specific obligations on the Indemnitors, simply upon demand, to exonerate, discharge, and collateralize Lexon under the Bond.

85.     The explicit and unambiguous language of the Indemnity Agreements afforded Lexon the unconditional right to unrestricted access to the Indemnitors' books and records.

86.     Lexon is entitled to injunctive and/or prejudgment relief, including, but not limited to, writs of attachment and garnishment against such assets of the Indemnitors as are necessary to satisfy the Indemnitors' obligations under the Indemnity Agreements.

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

87.     Lexon issued correspondence to the Indemnitors on May 30, 2025, and July 24, 2025, notifying the Indemnitors that Lexon had received the Claim on the Bond and had been subjected to Loss and anticipated Loss on the Bond and demanded that the Indemnitors adhere to their obligations under the Indemnity Agreements.

88.     The Indemnitors have refused to perform their specific obligations to exonerate and discharge Lexon under the Bond, to post collateral sufficient to secure all anticipated Loss and Loss of Lexon in connection with the Bond, and to permit Lexon unrestricted access to the Indemnitors' books and records. As a result of the Indemnitors failure to honor their obligations under the Indemnity Agreements, Lexon has no adequate remedy at law.

89.     It is plain that, in evaluating the balance of equities, they favor the unconditional rights of Lexon under the Indemnity Agreements and the entitlement of Lexon to enforce such unconditional rights and to require the Indemnitors to specifically perform their clear obligations thereunder.

90.     Lexon is without a plain, speedy, or adequate remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive and/or prejudgment remedies as indicated herein.

91.     Based on the failure of the Indemnitors to perform their contractual obligations, Lexon is entitled to judgment from this Court, compelling the Indemnitors to (a) perform their specific obligations under the Indemnity Agreements; (b) fully exonerate Lexon under the Bond; (c) provide collateral to Lexon in an amount sufficient to discharge any Loss or anticipated Loss; and (d) permit Lexon unrestricted access to the Indemnitors' books and records.

## V.  **PRAYER FOR RELIEF**

WHEREFORE, Lexon prays for the following relief on its claims against Defendants:

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

1.      For a Judgment in favor of Lexon and against the Indemnitors in an amount to be proven at trial, but in any event not less than **$2,600,000.00**, plus attorney fees, costs, and prejudgment interest at the rate 9% per annum;

2.      For a Judgment against Indemnitors and in favor of Lexon for any and all Loss incurred by Lexon together with any and all attorneys' fees and costs incurred in enforcing the Indemnity Agreements;

3.      For a Judgment against the Indemnitors, jointly and severely, and in favor of Lexon compelling the Indemnitors to post collateral in the sum of not less than $2,600,000.00, plus additional funds necessary to secure the loss, costs, expenses, court cost, and counsel fees expended and/or to be expended as necessary in order to enforce the Indemnity Agreements;

4.      For a Judgment, Order, Decree, and Injunction:

      a.      Requiring the Indemnitors to deposit with Lexon collateral security in accordance with the terms of the Indemnity Agreements;

      b.      Permanently enjoining and restraining the Indemnitors from selling, transferring, disposing, or encumbering their assets and property and further enjoining and restraining the Indemnitors from allowing their assets and property to be encumbered unless and until the Indemnitors post collateral security as required by the Indemnity Agreements;

      c.      Requiring the Indemnitors to indemnify and exonerate Lexon for any and all Loss incurred by Lexon as a result of Lexon having executed the Bond and/or as a result of the Indemnitors failing to comply with the terms and conditions of the Indemnity Agreements;

Page 22 -   VERIFIED COMPLAINT

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

d.       Directing the Indemnitors to specifically perform the terms and provisions of the Indemnity Agreements;

e.       Requiring the Indemnitors to permit Lexon unrestricted access to the Indemnitors' books and records.

4.       For leave of Court to amend this pleading according to proof; and

5.       For such other and further relief as the Court may deem just and equitable, to include prejudgment interest.

Dated January 6, 2026.

FRIEDRICH & DISHAW, PLLC


 /s/ Paul K. Friedrich_____
Paul K. Friedrich WSBA #43080
Friedrich & Dishaw, PLLC
OSB #171695
*Attorney for Plaintiff*
*Lexon Insurance Company*

Page 23 -  VERIFIED COMPLAINT

## **VERIFICATION OF COMPLAINT**

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Complaint and the factual allegations thereof and the facts alleged therein are true and correct.

Executed this ___ day of January 2025.


_____
Christopher M. Parrish
Assistant Vice President Surety Claims
Lexon Insurance Company

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655